IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DELAVAL INTERNATIONAL AB,

OPINION AND ORDER

Plaintiff,

13-cv-673-bbc

v.

ALPHA TECHNOLOGY U.S.A. CORPORATION
doing business as FUTURECOW,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff DeLaval International AB is suing defendant FutureCow for infringing U.S. Patent No. 7,481,184, which discloses a device for brushing livestock. Defendant has filed a motion under 28 U.S.C. § 1404(a) to transfer the case to the United States District Court for the Middle District of Florida. Dkt. #13. In addition, plaintiff has filed a motion for leave to file a surreply brief in opposition to defendant's motion. Dkt. #27. Although I am granting plaintiff's motion to file a surreply brief, I am also granting defendant's motion to transfer because I am persuaded that Florida is clearly more convenient for the parties than Wisconsin and that the interests of justice favor a transfer.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This section "permits a 'flexible and individualized analysis' and affords district courts the opportunity to look beyond a narrow or rigid set of

1

considerations in their determinations." Research Automation, Inc. v. Schrader-Bridgeport

International, Inc., 626 F.3d 973, 978 (7th Cir. 2010) (quoting Stewart Organization, Inc.

v. Ricoh Corp., 487 U.S. 22, 29 (1988)).   Factors a court may consider include the

availability of and access to witnesses, each party's access to and distance from resources in

each forum, the location of material events, the relative ease of access to sources of proof,

docket congestion and likely speed to trial in the transferor and potential transferee forums,

each court's relative familiarity with the relevant law, the respective desirability of resolving

controversies in each locale and the relationship of each community to the controversy. Id.

Plaintiff does not dispute defendant's assertion that neither company has a physical

presence in Wisconsin.  Neither company is incorporated here and neither company has any

offices or employees here.  Defendant is incorporated in Florida and has its principal place

of business there.   Plaintiff is a European company, so any forum in the United States will

be inconvenient to plaintiff to some extent.  Further, plaintiff does not deny that the accused

products are manufactured in Florida, employees with relevant knowledge of the accused

products such as the inventors are there and third parties who are familiar with how the

accused products work are there. Although plaintiff says that most of the potential witnesses

defendant identifies "have no material information that would be relevant to any issue in

this case," Plt.'s Br., dkt. #19, at 10, it does not explain how it knows this.

Plaintiff attempts to create a Wisconsin connection by arguing that Wisconsin "is the

center of the infringement activities," Plt.'s Br., dkt. #19, at 2, but it does not support that

sweeping assertion with any specific facts.  Although it is undisputed that the accused

products are sold in Wisconsin, they are sold in various other states as well.  Plaintiff does

not attempt to show that defendant's Wisconsin sales are greater than the sales in those

other states.  The only specific fact it cites relating to a special connection with Wisconsin

is that defendant has "debuted" accused products at the World Dairy Expo in Madison,

Wisconsin, but it does not explain how that fact is relevant to this case.

Alternatively, plaintiff argues that the interests of justice favor a Wisconsin forum

because the Western District of Wisconsin is faster than the Middle District of Florida.

However, as defendant notes, the difference between the two districts in the average time

to trial is only 2.3 months.  Dkt. #13, exhs. E and F.  Although plaintiff says that the actual

time to trial may be even greater in Florida, that is simply speculation.  Further, there is no

guarantee of speed in this district, particularly while a judicial vacancy remains.

This leaves the argument that the court should defer to plaintiff's choice of forum.

However, in the absence of any other factors supporting plaintiff's position, the mere fact

that plaintiff filed the case here is not dispositive.  E.g., D & G Inc. v. Supervalu, Inc., 08-cv-

-761-slc, 2009 WL 1110412 (W.D. Wis. Apr. 24, 2009); Deb Worldwide Healthcare, Inc.

v. Betco, Corp., 08-cv-52-bbc, 2008 WL 2035529 (W.D. Wis. May 9, 2008).


ORDER

IT IS ORDERED that

1.  Plaintiff DeLaval International AB's motion for leave to file a surreply brief, dkt.

#27, is GRANTED.

2.  Defendant Alpha Technology U.S.A. Corporation d/b/a FutureCow's motion under 28 U.S.C. § 1404(a) to transfer the case to the Middle District of Florida, dkt. #13, is GRANTED.

3. The parties' joint motion for a protective order, dkt. #32, is DENIED as moot in light of the transfer order.

Entered this 3d day of January, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4